UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL OZELL DILLIHUNT,<br><br>     Petitioner,<br><br>  v.<br><br>FRED FIGUEROA,<br><br>     Respondent. | Case No.: 1:16-cv-00097-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

In conducting a preliminary review of the petition, the Court has determined that the court of appeal decided Petitioner's direct appeal from his 2007 conviction on January 13, 2009. Also, the California Supreme Court denied his last filing in that court on June 15, 2011. Thus, it appears to the Court that the petition is untimely and should be dismissed. As a result, the Court **ORDERS** Petitioner to show cause why the petition should not be dismissed as untimely.

I.  DISCUSSION

   A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

1

an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

    B.    Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 1, 2015, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on October 23, 2007 and sentenced on November 28, 2007.  (Doc. 1, p. 1).  Although Petitioner alleges in the petition that he did not file an appeal from his conviction, the Court's own research has indicated that he filed an appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA") that was denied on January 13, 2009.  It does not appear that Petitioner filed a petition for review in the California Supreme Court.  According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality.  Cal. Rules of Court, Rule 8.500(e)(1).  Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was filed, or on February 22, 2009.  Petitioner would then have one year from the following day, February 23, 2009, or until February 22, 2010, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

The instant petition was filed on December 1, 2015, almost five years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

  C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214,

220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Tulare County on December 15, 2014, and denied on December 30, 2014;[1] (2) petition filed in the 5th DCA on January 26, 2015, and denied on February 27, 2015; and (3) filed in the California Supreme Court on May 22, 2015 and denied on September 9, 2015.[2] Additionally, the

---

[1] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[2] Petitioner did not include the specific dates of some of his filings and denials, so the Court has accessed the California court system's electronic database to complete the chronology. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the

Court has determined that Petitioner filed a habeas petition in the 5th DCA on September 14, 2010 that was denied on September 21, 2010, challenging the restitution fine imposed by the trial court.  As well, Petitioner filed a petition in the California Supreme Court on January 3, 2011 that was denied on June 15, 2011.  No information was available on the latter petition.

None of the foregoing petitions, however, afford Petitioner any statutory tolling under the AEDPA.  A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired on February 22, 2010, approximately seven months *before* Petitioner filed his first state habeas petition on September 14, 2010. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D.   Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 560 U.S.

---

California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, it does not appear that Petitioner is entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed. However, since it is possible that Petitioner filed additional state habeas petitions that would be entitled to tolling or that Petitioner has additional evidence that would affect the Court's timeliness analysis in his favor, the Court will, as required by the Ninth Circuit, permit Petitioner thirty days within which to file a response to this Order to Show Cause.

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. **Within 30 days**, Petitioner is **SHALL** show cause in writing why the petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **January 28, 2016**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE